

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 20, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-421

Re: Whether employee of Liquor
Board entitled to reim-
bursement for expenses
incurred while being tutored
as to duties at inception of
employment.

You submit to us data showing the following facts:

On February 8, 1939, J. L. Patterson, a resident of Fort Worth, was notified that on the next day he would be employed by the Liquor Control Board and was instructed to report to the Chief Supervisor on the following day for instruction and training. He was also told that for the time being his headquarters would be in Fort Worth. He is still stationed there.

You request our opinion as to whether Mr. Patterson is entitled to be reimbursed for his living expenses incurred on February 9th, 10th and 11th, while attending instruction and training school, and his expenses in returning to Fort Worth at the termination of such instruction.

At page 1441, General and Special Laws, 45th Legislature, Regular Session, in the general appropriation bill, which is Chapter 504, and begins at page 1362, we find an appropriation of $256,524 for traveling expenses for the board.

At page 1487, within said Chapter 504, we find the following:

"Traveling Expenses. (a) No traveling expenses shall be claimed, allowed, or paid unless incurred while traveling on official business of the State. . . ."

. Geo. H. Sheppard, March 20, 1939, Page 2

At page 1488, we find the following:

"The State Comptroller shall not pay, and no State officer or employee of any of the departments or other agencies of the Government shall include in his traveling expense accounty any amounts for meals and/or lodging incurred within the city of town where such officer or such employee is stationed. Such employees as are stationed away from their main office or headquarters, who are not allowed traveling expenses where so stationed, shall be allowed such expenses when called to their main office." (Underscoring ours)

Article 6823, Revised Civil Statutes, as amended, reads part as follows:

"The traveling and other necessary expenses incurred by the various officers, assistants, deputies, clerks and other employees in the various departments, institutions, boards, commissions or other subdivisions of the State Government, in the active discharge of their duties shall be such as are specifically fixed and appropriated by the Legislature in the general appropriation bills providing for the expenses of the State Government from year to year. . ."

There can be no doubt of the authority of the Board to :ion Mr. Patterson at Fort Worth or elsewhere in the State. He an employee of the Board, and we likewise believe that the if Supervisor had the authority to require his presence in tin. Such powers would have to be implied to enable the Board its organization to function. Article 6823 provides that the mses incurred by such employees "shall be such as are specifical- fixed and appropriated," and it is noted that "such employees as stationed away from their main office as headquarters, who are allowed traveling expenses where so stationed, shall be allowed a expenses when called to their main office." In the present tance, the main office is in Austin and the employee was called that office.

We have no doubt as to the need of special training. We quite sure that regardless of the preparation a man may have s through outside sources, he would still need such special truction in the system and methods employed by this particular artment. In familiarizing himself with such matters, it is our

view that he was in the "active discharge of his duties" as provided in Article 6823.

We have found no case directly bearing on the point. In Jefferson C . v. Jefferson County Fiscal Court, 108 S. W. (2) 811, Ky. Apps., the implication is plain that where a conference has a direct and proximate connection with the duties of an office necessary expenses may be allowed. We think the instant case is distinguishable from those cases such as Smith v. Eolovtchiner, L.R.A. 1917 E, p. 331, Neb., and others cited in note on p. 332, denying reimbursement, when the instruction sought to be gained is of only a general educational nature. We think it should be presumed that the instruction here is of a special nature essential to the particular system in use.

It is our opinion that Mr. Patterson is entitled to be reimbursed for the above expenses.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:M

APPROVED

ATTORNEY GENERAL OF TEXAS